UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILSON DAGOBERTO VIDES
RODRIGUEZ,

        Petitioner,

    v.                        Case No.:  2:26-cv-02233-SPC-NPM

I.C.E. *et al.*,

        Respondents,

## **OPINION AND ORDER**

Before the Court are petitioner Wilson Dagoberto Vides Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Vides Rodriguez is a native and citizen of Honduras who entered the United States in 2009.  On March 31, 2026, Florida Highway Patrol arrested Vides Rodriguez during a traffic stop and turned him over to Immigration and Customs Enforcement ("ICE").  On July 7, 2026, an immigration judge ordered Vides Rodriguez removed to Honduras.  The deadline to appeal the order was August 6, 2026, and the EOIR's online automated case information system indicates Vides Rodriguez did not appeal.  As a result, the removal order became administratively final on August 7, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on August 7, 2026. Thus, Vides Rodriguez's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Wilson Dagoberto Vides Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record